IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 1:12-cv-2326-RPM

LUIGI BUSCEMI,

      Plaintiff,

v.

DEX ONE CORPORATION,
      Defendant.

---

## PROTECTIVE ORDER
---

      Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

      1.    This Protective Order shall apply to all documents, materials, and other proprietary trade secret and /or confidential information designated as "Confidential – Subject to Protective Order," or such other similar designation, disclosed or produced in this case, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed or produced pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

      2.    As used in this Protective Order, "document" includes writings, drawings, graphs, charts, photographs, phone records, and other data compilations from which information can be

obtained, translated, if necessary, by a party through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy interests of (a) Dex One Corporation ("Dex One") and its current or former employees, or (b) Luigi Buscemi. CONFIDENTIAL information shall be used only for purposes of this proceeding, or any appeal, and shall not be used for any other purpose, including business or commercial purposes. Each recipient of CONFIDENTIAL information shall take care to preserve the confidentiality of all such material, will store it in a secure place to prevent unauthorized disclosure, and will not disclose any of its contents to any person not entitled to receive it under this Protective Order.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

(a) counsel for any party in this proceeding and their legal assistants, clerical and other support personnel;

    (b) the parties, including designated representatives for Dex One;

    (c) expert witnesses and consultants and their staff retained in connection with this proceeding;

    (d) the Court and its employees ("Court Personnel");

    (e) stenographic reporters and videographers who are engaged in proceedings necessarily incident to the conduct of this action;

    (f) deponents, witnesses, or potential witnesses;

    (g)  other persons by written agreement of the parties;

    (h)  vendors providing litigation support services, such as copying, document management, jury research and graphics; and

    (i)  officers, directors, or employees of a party to this proceeding to the extent there is a need to disclose such CONFIDENTIAL information to assist counsel in this proceeding.

  5.  Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel and their support personnel, parties and their representatives, Court Personnel and stenographic reporters or videographers), counsel for the party seeking to make such disclosure shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

  6.  Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

  7.  Whenever a deposition involves the disclosure of CONFIDENTIAL information, the specific portions of the transcript shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate specific portions of deposition transcripts as CONFIDENTIAL after transcription, provided written notice of the

designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8.   A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party seeking designation of the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. Further, if such a motion is timely filed, the document or information shall be kept confidential pending ruling on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that the disputed information should be treated as CONFIDENTIAL.

9.   This Order does not affect any party's right to assert a good faith objection to discovery requests, and all such objections are expressly reserved. This Order does not affect either party's ability to use any produced document or information at trial. The parties to this action and their attorneys agree that all objections, including, but not limited to, objections based

on relevancy, materiality, privilege, and all questions of admissibility are reserved and shall be asserted in accordance with any Scheduling, or similar, Order from the court.

10.     If any party or their agents inadvertently produces or discloses any confidential or non-public information without marking it with the appropriate CONFIDENTIAL notice, that party may give notice to the receiving party that the information should be treated in accordance with the terms of this Protective Order, and shall forward appropriately stamped copies of the items in question.  Within five (5) days of the receipt of the substituted copies, and upon request, the receiving party shall return the previously unmarked items and all copies thereof.  The inadvertent disclosure shall not be deemed a waiver of confidentiality so long as such designation shall be made within thirty (30) days of the discovery of the inadvertent production or disclosure by the party making the inadvertent disclosure.

11.     Nothing in this Order shall prevent a party from any use of his or her own confidential documents.

12.     The inadvertent or unintentional disclosure of any attorney-client privileged, work product immunity protected, or confidential information shall not be construed to be a waiver, in whole or in part, of the parties' claims of attorney-client privilege, work product immunity, or confidentiality, either as to the specific attorney-client privileged, work product immunity protected, or confidential information disclosed or as to other related information.

13.     Subject to the Federal Rules of Evidence and Local Rules of the Court, CONFIDENTIAL information may be offered in evidence at trial or any court hearing; provided that the proponent of the information gives reasonable advance notice to counsel for the opposing party (listing the CONFIDENTIAL information in an exhibit list shall be sufficient

notice). The other party shall have an opportunity to respond to that notice before any of its CONFIDENTIAL information may be used by the other party at trial or a hearing in open court; such response shall not limit the proponent's ability to introduce the CONFIDENTIAL information into evidence at trial, provided the procedure for offering the evidence contained herein is followed.

14. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it as CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall confirm the destruction in writing to the other party.

15. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

ORDERED this 28th day of February, 2013.

                              BY THE COURT:

                              s/Richard P. Matsch

                              _____
                              Richard P. Matsch, Senior District Judge